UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Roberto Diaz Perez,
and other similarly
situated individuals,

     Plaintiff(s),

v.

Twister Roofing & Construction, LLC,

     Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

     Comes now the Plaintiff Roberto Diaz Perez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Twister Roofing & Construction, LLC, and alleges:

Jurisdiction Venues and Parties

1.  This is an action to recover money damages for unpaid regular and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiff Roberto Diaz Perez is a resident of Orange County, Florida. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant Twister Roofing & Construction, LLC, (from now Twister Roofing, or Defendant) is a Florida corporation having a place of business in Orange County within this Court Jurisdiction. Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

4.  At all times material, Defendant was and is engaged in interstate commerce.

5.  All the actions raised in this Complaint took place in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiff Roberto Diaz Perez as a collective action to recover from Defendant regular and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

7. Defendant Twister Roofing is a roofing company specializing in new construction for commercial and residential projects. Twister Roofing is located at 1820 N. Rio Grande Ave., Orlando, FL 32804.

8. Defendant Twister Roofing employed Plaintiff Roberto Diaz Perez as a non-exempted, full-time roof installer from approximately January 21, 2022, to March 10, 2022, or 7 weeks.

9. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

10. Plaintiff had a regular schedule, and he worked five days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 6:30 PM (11.5 hours daily),or 57.5 hours weekly. Plaintiff did not take bonafide lunch hours.

11. Plaintiff was paid his regular daily rate for five days or $1,250.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the number of hours worked.

12. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in

excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly strictly in cash and without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes deducted, etc.

15. On or about March 10, 2022, Plaintiff suffered a work-related accident. Plaintiff fell from the second floor, and he suffered severe injuries. After his accident, Defendant did not assist Plaintiff as required by law and did not call him to work anymore.

16. At the time of his accident, Plaintiff did not receive payment for his last two weeks of employment.

17. Plaintiff Roberto Diaz Perez seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, two weeks of regular wages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

19. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

20. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

21. Plaintiff Roberto Diaz Perez re-adopts every factual allegation stated in paragraphs 1-20 above as if set out in full herein.

22. Defendant Twister Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roof installer employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce during the business. Therefore, there is individual coverage.

24. Defendant Twister Roofing employed Plaintiff Roberto Diaz Perez as a non-exempted, full-time roof installer from approximately January 21, 2022, to March 10, 2022, or 7 weeks.

25. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

26. Plaintiff had a regular schedule, and he worked five days per week. From Monday to Friday, Plaintiff worked from 7:00 AM to 6:30 PM (11.5 hours daily), a total of 57.5 hours weekly. Plaintiff did not take bonafide lunch hours.

27. Plaintiff was paid his regular daily rate for five days or $1,250.00 weekly, but he was not paid for overtime hours, as required by law. Plaintiff was paid the same amount regardless of the hours worked.

28. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals worked.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid weekly strictly in cash, and without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, employee taxes deducted, etc.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

32. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

34. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Thousand Three Hundred Thirty-One Dollars and 61/100 ($1.331.61)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 7 weeks
       Relevant weeks of employment:  7 weeks
       Total hours worked: 57.5 hours weekly
       Total unpaid O/T hours:  17.5 overtime hours weekly
       Paid: $1,250.00 weekly: 57.5 hours=$21.74 an hour
       Regular rate: $21.74 x 1.5=$32.61 O/T rate
       O/T rate $32.61-$21.74 O/T rate paid=$10.87 half-time difference
       Unpaid half-time: $10.87 for every O/T hour

       $10.87 x 17.5 O/T hours=$190.23 weekly x 7 weeks=$1,331.61

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.

35. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. Defendant Twister Roofing willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Roberto Diaz Perez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Roberto Diaz Perez and other similarly situated individuals and against the Defendant Twister Roofing based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC

§ 201 et seq.; and

B.  Award Plaintiff Roberto Diaz Perez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Roberto Diaz Perez demands a trial by a jury of all issues triable as of right by a jury.

<u>**COUNT II:**</u>
<u>**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**</u>
<u>**FAILURE TO PAY MINIMUM WAGE**</u>

39. Plaintiff re-adopts every factual allegation stated in paragraphs 1-20 of this Complaint as if set out in full herein.

40. Defendant Twister Roofing was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a roofing company that has more than two employees recurrently engaged in commerce or the production of goods for commerce

by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

41. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a roof installer employee. Plaintiff handled and worked with goods and materials that were moved in interstate commerce during the business. Therefore, there is individual coverage.

42. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

43. Defendant Twister Roofing employed Plaintiff Roberto Diaz Perez as a non-exempted, full-time roof installer from approximately January 21, 2022, to March 10, 2022, or 7 weeks.

44. During the relevant period, Plaintiff performed as a lead roofer, and he was paid a daily wage rate of $250.00.

45. Plaintiff had a regular schedule, and he worked five days per week, a total of 57.5 hours weekly. Plaintiff did not take bonafide lunch hours.

46. Plaintiff did not clock in and out, but Defendant was in absolute control of his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

47. On or about March 10, 2022, Plaintiff suffered a work-related accident. Plaintiff fell from the second floor, and he suffered severe injuries. After his accident, Defendant did not assist Plaintiff as required by law, and they did to call him to work again.

48. At the time of his accident, Plaintiff did not receive payment for his last two weeks of employment.

49. There is a substantial number of working hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

50. Plaintiff did not clock in and out, but Defendant was able to monitor the hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

52. Plaintiff was paid weekly strictly in cash, without paystubs or any record providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

53. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in possession and custody of Defendant. However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals upon information and belief. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

54. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage

payments. Accordingly, Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

55. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on preliminary calculations, and these figures could be subject to modifications as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

  a.  <u>Total amount of alleged unpaid wages</u>:

      Eight Hundred and 00/100 ($800.00)

  b.  <u>Calculation of such wages</u>:

      Total period of employment:  7 weeks
      Total relevant weeks: 7 weeks
      Total number of unpaid weeks: 2 weeks
      Total hours worked: 40 regular hours weekly
      Rate paid:  $21.74 an hour
      Florida minimum wage 2022:  $10.00

      Min. wage $10.00 x 40 hours= $400.00 weekly x 2 week=$800.00

  c.  <u>Nature of wages</u>:

      This amount represents unpaid minimum wages at the Florida minimum wage rate.

56. Defendant unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover for minimum wages violations accumulated during his relevant time of employment.

57. Defendant knew and showed reckless disregard about the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages.

58. Defendant Twister Roofing willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff Roberto Diaz Perez respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Roberto Diaz Perez and against the Defendant Twister Roofing based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated

damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff Roberto Diaz Perez and those similarly situated demand trial by a jury of

all issues triable as of right by a jury.

Dated:  May 2, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*