UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No.: 6:22-cv-00821-CEM-EJK

Roberto Diaz Perez,
and other similarly situated individuals,

      Plaintiff(s),

v.

Twister Roofing & Construction, LLC,

      Defendant.
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FAIRNESS DETERMINATION PER COURT ORDER DE 23

Plaintiff, Roberto Diaz Perez, and Defendants, Twister Roofing & Construction, LLC ("Defendant Twister Roofing") (collectively referred to as "Defendants"), hereby file this Renewed Joint Motion for Approval of Settlement and Fairness Determination. In support of their joint motion, the parties state as follows:

1. On November 8, 2022, this Court entered an Order denying the parties Joint Motion for Approval of FLSA Settlement. DE 23.

2. The parties have revised the Settlement Agreement to exclude the language disapproved of by the Court and specified the amount for liquidated

damages as instructed. *A copy of the proposed revised Settlement Agreement is attached hereto as Exhibit 1.*[1]

3.  On May 5, 2022, Plaintiff filed the instant Complaint alleging claims of unpaid overtime and minimum wages in violation of the Fair Labor Standards Act. *See* [D.E. 1]. In his Complaint, Plaintiff alleges he worked on average approximately 57.5 hours per week and further contends Defendants failed to pay him for all hours worked in excess of forty (40) hours in a workweek. *Id.*

4.  On June 21, 2022, Defendant filed its Motion to Dismiss for Lack of Jurisdiction. [D.E. 14]. Defendant argued that there was no employer-employee relationship between that parties and denied it violated the FLSA or that Plaintiff is entitled to recover any unpaid overtime compensation or minimum wages. *Id.*

5.  Plaintiff alleged that he was employed by Defendant and was paid his regular daily rate for five days or $1,250.00 weekly, but he was not paid for overtime hours and that Plaintiff was paid the same amount regardless of the number of hours worked. [D.E. 1].

6.  Prior to the Court ruling on Defendant's Motion to Dismiss, the Court dismissed the case sua sponte for Plaintiff's failure to file a Notice of Pendency of Other Actions and Disclosure Statement. [D.E. 19].

---

[1] Plaintiff inadvertently executed the incorrect draft of the proposed revised agreement—the Parties will immediately supplement this Motion and attach a fully executed revised agreement for the Court's approval forthwith.

7. This action contained hotly disputed issues about (a) whether Plaintiff was employed by Twister Roofing; (b) whether Plaintiff had any unpaid overtime hours and/or minimum wages under the FLSA, and if so, how many; and, (c) whether any violation of the FLSA, if one occurred, was "willful" and/or whether Defendant's actions were in good faith.

8. To avoid the costs of litigation and the risk that Plaintiff could recover nothing, Plaintiff and Defendants have agreed to a resolution of this FLSA claim. The Parties have executed a Settlement Agreement. A copy of the proposed Revised Settlement Agreement is attached hereto as Exhibit A.

9. The parties have exchanged information and are familiar with all of the legal issues presented. The parties decided to make a good faith attempt at resolution of this dispute and were able to reach a compromise before Plaintiff refiled his Complaint. This compromise reflects both parties' acknowledgment that there is substantial risk and uncertainty for both parties concerning the disposition this claim. Given these facts, both parties believe that their negotiated Agreement is fair and reasonable in order to avoid the additional costs, risks, and uncertainties of protracted litigation.

10. In addition, the Agreement reached by the parties fully satisfies Plaintiff's attorneys' fees and costs, and no amounts will be deducted from the amounts paid to Plaintiff to satisfy his attorneys' fees and costs. Both parties agree

that this is a fair and reasonable amount of attorneys' fees and expenses given the work done on this case by Plaintiff's counsel, and the costs that were expended.

11. Both parties have been represented by counsel throughout the negotiation of this Agreement. Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise, obtained through numerous verbal discussions and an extensive review of the time and pay records, and there was no collusion with regard to the settlement of this matter. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

12. Assuming the Court approves the revised Agreement, the parties also hereby stipulate to the dismissal with prejudice of this action.

13. The Parties have reached what they believe to be a fair and reasonable agreement to settle this case and avoid uncertainty, time, and expense of further litigation. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum for the claims he has asserted in this action. The settlement payments to be made to Plaintiff will include an agreed upon sum for unpaid wages plus an equal amount for liquidated damages.

14. The settlement amounts to be paid to Plaintiff were negotiated separately from the settlement amounts to be paid to Plaintiff's counsel for attorneys' fees and costs.

15. Plaintiff and Defendants acknowledge and agree that the above settlement represents a fair and reasonable compromise between both Parties over the disputed claims in this case. Accordingly, the Parties respectfully request that the Court enter an Order granting the Parties' Joint Motion, approving the settlement, and dismissing Plaintiff's lawsuit with prejudice, without any separate taxing of costs or attorneys' fees.

## II. **MEMORANDUM OF LAW**

### A. **Legal Principles**

A compromise of a claim under the FLSA requires court approval to ensure that the settlement agreement provides a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging [the] settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d

1527, 1531 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010).

      **B.**    **All of the Relevant Criteria Supports Final Approval of the Settlement**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006). Here, each party was independently represented by legal counsel with experience in litigating claims under the FLSA. Counsel for the parties was obligated to, and did, vigorously represent their clients' rights. It is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff.

The remaining factors weigh in favor of approving this settlement. The present claim involved a complex factual dispute. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Further, the Parties informally exchanged information regarding the documents each party had regarding the claims in this matter before reaching any

agreement. The exchange of information regarding these documents resulted in the exchange of considerable facts, supporting evidence, and legal theories regarding the claims and defenses of the Parties. The Parties reached a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also supports approval of the settlement. The Parties meaningfully disagreed over the number of hours claimed, a key issue that has been disputed from the inception of the case, and the records of hours worked as reported by Plaintiff. The Parties exchanged conflicting evidence and numerous legal arguments and authorities on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence to support their respective positions. As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate.

For the reasons set forth above, this Court should grant the Parties' Joint Motion and approve the FLSA Settlement as all relevant factors to be considered by this Court support the conclusion that the Parties' FLSA Settlement constitutes a fair and reasonable resolution of a bona fide dispute.

    **C.**    **This Court Should Grant the Parties' Joint Motion and Approve**

>  **the FLSA Settlement as the Proposed Attorneys' Fees are Reasonable.**

This Court should approve the Parties' FLSA Settlement because the Parties agreed upon Plaintiff's attorneys' fees separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement. As the Court explained in *Bonetti v. Embarq Management Co.*, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel" unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009)

Here, the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for representation of Plaintiff through the conclusion of the settlement, which was considered and negotiated separately from and without regard to the amount paid to Plaintiff to settle his FLSA claim. Plaintiff submits that his recovery was not adversely affected by the amount to be paid to his attorney. The settlement is reasonable, and therefore, the Parties respectfully request that this Court approve Plaintiff's attorneys' fees without

separate consideration of the reasonableness of the fee to be paid to Plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Accordingly, the Parties respectfully submit that the amount separately negotiated for Plaintiff's attorneys' fees and costs is fair and reasonable and should be approved.

## **CONCLUSION**

For the reasons set forth above, this Court should approve the Parties' FLSA Settlement as the terms of the terms of the settlement are fair, reasonable and adequate. All the factors to be considered by the Court in deciding whether to approve the settlement weigh in favor of finding that the Parties FLSA Settlement is fair and reasonable. Similarly, this Court should grant the Parties' Renewed Joint Motion and approve the Parties' FLSA Settlement because the amount for Plaintiff's attorneys' fees in this case was negotiated separately and without regard to the amount to be paid to Plaintiff, and the settlement is fair and reasonable.

WHEREFORE, the Parties respectfully request this Court enter an Order: (1) granting their Renewed Joint Motion for Approval of the Settlement (2) approving the Parties Revised Settlement Agreement; (3) dismissing this case with prejudice, without taxing for attorneys' fees and costs; and (4) granting such other relief this Court deems just and proper.

Respectfully Submitted on this 29th day of November, 2022,

| | |
|---|---|
| **THE KLEPPIN FIRM, P.A.** | **The Law Offices of Zandro E. Palma, PA** |
| */s/ Allyson Kisiel* | */s/ Zandro E. Palma* |
| Allyson Kisiel | Zandro E. Palma |
| Fla. Bar No. 91506 | Florida Bar No. 24031 |
| allyson@kleppinlaw.com | zep@thepalmalawgroup.com |
| 8751 W. Broward Blvd., Suite 105 | 9100 South Dadeland Blvd |
| Plantation, FL 33324 | Suite 1500 |
| Tel. (954) 424-1933 | Miami, FL 33156 |
| Fax (954) 474-7405 | 305-446-1500 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 29th day of November, 2022, a true and correct copy of the foregoing was filed via the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Allyson Kisiel*
Allyson Kisiel